```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
STEVEN WEISS, in his capacity as )
Chapter 7 Trustee,             )
        Plaintiff,             )
                               )    Civil Action No.
        v.                     )    13-10812-NMG
                               )
ROBERT E. LOCKWOOD, CONNECT PLUS )
INTERNATIONAL CORPORATION,     )
ASSEMBLED PROPERTY INTERESTS,  )
LLC, DAVID ARCURI, in his      )
capacity as Trustee of Combined )
Interest Realty Trust, and BANK )
OF AMERICA, N.A.,              )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Currently pending before the Court is defendants' motion to withdraw the reference of an adversarial proceeding pursuant to 28 U.S.C. § 157.

## I. Background

Defendant Robert Lockwood filed a voluntary bankruptcy petition in May, 2010. In February, 2013, plaintiff Steven Weiss, in his capacity as Bankruptcy Trustee, initiated an adversary proceeding against the above-captioned defendants, seeking, <u>inter alia</u>, (1) a declaration that Connect Plus International Corporation ("CPIC"), Assembled Property Interests ("API") and Combined Interest Realty Trust ("CIRT") are "alter

-1-

egos" of debtor Lockwood, (2) the turnover of two properties located in Worcester, Massachusetts pursuant to 11 U.S.C. § 542, (3) a declaration that the transfer of and mortgage taken upon one of the same two properties located in Worcester, Massachusetts were fraudulent conveyances and are therefore void, and (4) a declaration that a mortgage held by defendant Bank of America is void pursuant to 11 U.S.C. §§ 506, 544.

In April, 2013, defendants CPIC and API filed the instant motion to withdraw the reference to the Bankruptcy Court. The Court heard oral argument on that motion in July, 2013 and took the matter under advisement.

## II. Analysis

Defendants advance two grounds for withdrawal of the reference to bankruptcy court: (1) venue is not proper because defendants are entitled to a trial by jury and (2) the Bankruptcy Court lacks constitutional authority to enter judgment against defendants on plaintiff's "alter ego" and fraudulent conveyance claims under Stern v. Marshall, 131 S. Ct. 2594 (2011).

### A. Authority of Bankruptcy Court to Enter Judgment

Pursuant to 28 U.S.C. § 157(c), a bankruptcy judge may enter final orders with respect to "core" proceedings only. As to non-core proceedings, a bankruptcy judge may not enter final orders without consent of the parties but may submit proposed findings of fact and conclusions of law for de novo review by the

district court. 28 U.S.C. § 157(c)(1). Moreover, absent the consent of the parties, a bankruptcy judge has no authority to conduct jury trials. Id. at § 157(e).

The District Court has discretion to withdraw the automatic reference of bankruptcy matters based upon a timely motion if the movant demonstrates good cause. United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992) (citing 11 U.S.C. § 157(d)). The language and legislative history of § 157(d), however, make clear that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy courts unless withdrawal is "essential to preserve a higher interest." Id. at 502.

### 1. Jury Trial Claim

To determine whether a bankruptcy proceeding infringes upon a party's Seventh Amendment right to a trial by jury, the court must:

1) compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity;

2) examine the remedy sought and determine whether it is legal or equitable in nature; and

3) decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

See Braunstein v. McCabe, 571 F.3d 108, 118 (1st Cir. 2009) ("Braunstein I"). The determination of whether the remedy is legal or equitable in nature carries greater weight than the

first factor, and the third factor need only be reached if the first two factors indicate that a party has a jury trial right. See id.

None of the claims at issue in the adversarial proceeding entitles defendants to a jury trial.  First, no right to a jury trial attaches to a statutory turnover action brought pursuant to 11 U.S.C. § 542. Braunstein I, 571 F.3d at 115.  Second, the First Circuit, while concluding that turnover actions are equitable in nature, explained that in such actions the trustee's "gathering of the 'property' of the estate . . . is inherently an equitable task." Id. at 119.  The same logic extends to the "alter ego" and fraudulent conveyance claims raised here, which fundamentally seek recovery of real estate allegedly controlled by the debtor.  A claim seeking to pierce a corporate veil under an "alter ego" theory is equitable in nature. In re Gonzalez, 2010 WL 3395677, at *2 (Bankr. D.P.R. Aug. 23, 2010).

Similarly, the fraudulent conveyance claims, which need not be reached if the bankruptcy court concludes that the defendant entities are "alter egos" of the debtor, seek to avoid the transfer of real property and courts have traditionally found that no right to a jury trial attached to such claims. See In re Pilavis, 228 B.R. 808, 809-10 (Bankr. D. Mass. 1999) (collecting cases and distinguishing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989) on the basis that it involved a claim for a

"determinate sum of money").

Accordingly, no jury trial right attaches to such claims because they reflect the trustee's efforts to gather the property of the bankruptcy estate and sound in equity rather than in law.

### 2. The Stern Issue

In Stern v. Marshall, the Supreme Court held that an Article I bankruptcy judge lacks constitutional authority to enter final judgment on a state law counterclaim not resolved in the creditor's proof of claim process even though the claim was properly designated as "core" under the 1984 Bankruptcy Act. 131 S.Ct. at 2611.  In order to address issues raised under Stern, the United States District Court for the District of Massachusetts drafted Local Rule 206 which permits a bankruptcy judge to consider the scope of his own authority and provides for de novo review by the district judge of any objections thereto. That Rule maintains the traditional practice of adjudicating adversary proceedings before bankruptcy judges who possess specialized knowledge of the issues and familiarity with similar cases.

This Court concludes that, in the interest of judicial efficiency, the motion to withdraw the adversary proceeding should be denied.  As was noted during the July, 2013 hearing, Bankruptcy Judge Henry Boroff already has familiarity with the debtor and his assets through related proceedings.  Furthermore,

the factual issues with respect to the turnover actions which are to be decided pursuant to the Bankruptcy Code and the state law "alter ego" and fraudulent conveyance claims are intertwined because they entail examination of the same real estate and transaction records.  Although this Court may be compelled to conduct de novo review of any appeal of the Bankruptcy Judge's eventual ruling, pursuant to Local Rule 206, judicial resources will be conserved because this Court's review of such decisions will be substantially assisted by the Bankruptcy Judge's familiarity with this case and expertise on bankruptcy law.

### ORDER

In accordance with the foregoing, defendants' motion to withdraw the reference (Docket No. 1) is **DENIED** and the case is **DISMISSED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 4, 2013